UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CV-81003-MIDDLEBROOKS

ANDRES RIVERO, as Receiver of
WELLS REAL ESTATE INVESTMENT, LLC,
*et al.*,

      Plaintiff,

v.

REYNALD GERMINAL,

      Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Reynald Germinal's Motion to Dismiss the Complaint, filed on September 30, 2025. (DE 12). Plaintiff filed his response on October 14, 2025. (DE 14). Defendant filed a Reply on October 17, 2025. (DE 16). For the following reasons, the Motion is denied.

### BACKGROUND

This matter arises out of a separate but related Securities and Exchange Commission Action, wherein Andres Rivero has been appointed as Receiver over the "Receivership Entities." (DE 1 at ¶2).[1] As part of the Sealed Order Granting the SEC's Receivership Motion (the

---

[1] The Receivership entities include Wells Real Estate Investment, LLC as well as the Relief Defendants, Cambridge Real Estate Management, LLC; 60 Yacht Club, LLC; 112 South Olive, LLC; 791 Parkside Home, LLC; 910 Parkside, LLC; 930 Parkside, LLC; 976 Palm Beach Square, LLC; 1070 Boca Raton Square, LLC; 2082 Paradise Palm, LLC; 2295 Corporate Blvd LLC; 4050 NW, LLC; 4100 Hospital Office, LLC; 4800 Federal, LLC; 7352 Valencia, LLC; 7483 Valencia, LLC; Boca Deerfield Properties, LLC, Daybreak Home, LLC; Globe Offices, LLC; Globe Property Offices, LLC; LW Square Office, LLC; Martinique's Investments LLC a/k/a Martinique's Investments LLC; Oakland Land Property, LLC; and South Olive Office, LLC.

"Receivership Order"), the Receiver is authorized to bring any action which, prior to entry of the Receivership Order, could have been brought by the Receivership Defendants' officers, directors, partners, managers, trustees, and agents. (*Id.* at ¶4).[2] Additionally, in furtherance of the Receiver's obligation to preserve Receivership assets, the Receivership Order grants the Receiver authority to "investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in his discretion, and in consultation with Commission counsel, be advisable or proper to recover and/or conserve Receivership Property." (*Id.* at ¶5). The instant action grows out of the authority granted to the Receiver. Here, Receiver alleges that the Defendant, Reynald Germinal "assisted Receivership Defendants in perpetuating their scheme to defraud investors by among other things engaging in speculative trading of investor funds." (*Id.* at ¶9). Plaintiff alleges that within a little less than five years, the Receivership Entities made approximately 103 transfers to Germinal in the total amount of $280,450.00 (the "Transfers"). (*Id.* at ¶45). As alleged, those funds were funds that Receivership Defendants fraudulently procured from investors and/or creditors. (*Id.* at ¶46). The key allegation here is that Defendant Germinal's "services rendered" amounted to engaging in speculative trading of fraudulently procured investor funds, resulting in a loss of at least $11.9 million to the Receivership Estate. (*Id.* at ¶48). Therefore, Plaintiffs allege that these services assisted the Receivership Defendants in carrying out their fraudulent scheme and Defendant received payment for these services "without providing reasonably equivalent value to the Receivership Entities in exchange for the [t]ransfers." (*Id.* at ¶51).

Plaintiff filed suit on August 13, 2025, alleging four counts against Defendant. (DE 1). Counts I, II, and III allege that the Transfers from Receivership Entities to Defendant were

---

[2] I note that this case, *Securities and Exchange Commission v. Wells Real Estate Investment, LLC et al*, 9:24-cv-80980, is no longer sealed as indicated by my August 20, 2024 Order unsealing the case. (DE 18).

2

fraudulent under various provisions of the Florida Uniform Fraudulent Transfer Act ("FUFTA"). Fla. Stat. § 726.106(a)(1), (1)(a)-(b). Count IV alleges that the Defendant was unjustly enriched by virtue of its receipt of the Transfers. Defendant filed the instant Motion to Dismiss on September 30, 2025. (DE 12).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must … contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. V. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and assume the truth of the plaintiff's factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purposes of determining

3

whether a claim is legally sufficient). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level." *Id.*

## DISCUSSION

Defendant challenges Plaintiff's Complaint on several grounds. First, Defendant argues that Counts I through III, asserting claims for fraudulent transfer under the FUFTA, fail because FUFTA requires a claim to be pled with particularly pursuant to Federal Rule of Civil Procedure 9(b). (DE 12 at 2). Next, Defendant argues that the fraudulent transfer claims are doomed because the Complaint fails to adequately allege that the Defendant did not provide reasonably equivalent value. (*Id.* at 3). The Defendant then argues that the Complaint fails to allege specific facts showing that Defendant knew of or participated in any fraudulent scheme. (*Id.*). Additionally, the Defendant argues that the Receiver lacks standing to bring the FUFTA claims that belong to individual creditors or investors rather than to the Receivership Entities. (*Id.* at 4). Finally, Defendant characterizes Plaintiff's Complaint as an impermissible shotgun pleading. (*Id.*)

Beginning with the threshold issue of standing, I find that the Plaintiff does have standing to maintain the FUFTA claims. Defendant suggests that the Receiver is purporting to assert the FUFTA claims against third parties on behalf of individual creditors or investors, rather than to the Receivership Entities themselves. (DE 21 at ¶16, 17). Defendant's understanding is incorrect as Plaintiff clarifies that the "'creditors' of the Receivership Estate that the Receiver brings these claims on behalf of are the Receivership Entities—not the individual investors." (DE 14 at 5). This Circuit has previously stated in no uncertain terms that "[a] receiver of entities used to perpetrate a Ponzi scheme does not have standing to sue on behalf of the defrauded investors but does have standing to sue on behalf of the corporations that were injured by the Ponzi scheme operator."

*Wiand v. Lee*, 753 F.3d 1194, 1202 (11th Cir. 2014) (citing *Scholes v. Lehmann*, 56 F.3d 750, 753-55 (7th Cir. 1995). The *Wiand* court further explains that

> Although the corporations constitute the "robotic tools" used by the Ponzi operator, they are "nevertheless in the eyes of the law separate legal entities with rights and duties." *Id.* at 754. The money they receive from investors should be used for their stated purpose of investing in securities, and thus the corporations are harmed when assets are transferred for an unauthorized purpose to the detriment of the defrauded investors, who are tort creditors of the corporations. *Id.* Although the corporations participate in the fraudulent transfers, once the Ponzi schemer is removed and the receiver is appointed, the receivership entities are no more the "evil zombies" of the Ponzi operator but are "[f]reed from his spell" and become entitled to the return of the money diverted for unauthorized purposes. *Id.*

*Id.* In other words, the receivership entities became "creditors." Accordingly, there is no question that Plaintiff has standing to bring these claims on behalf of the Receivership Entities.

Next, I find that this Complaint does not constitute an impermissible shotgun pleading. Shotgun pleadings may take several forms. The most common is a complaint with multiple counts, wherein each count adopts the allegations of all preceding counts, such that each successive count carries all that came before, and the last count is a combination of the entire complaint. *See, e.g.*, *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n. 39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading...."); *Thompson v. Relation Serve Media, Inc.*, 610 F.3d 628, 650 n. 22 (11th Cir. 2010). Defendant's contention that the Complaint constitutes a shotgun pleading is mistaken. Upon review, the Complaint clearly sets forth how the Receivership Entities were allegedly wronged by Defendant, identifies the legal theories being pursued, and articulates the factual allegations supporting those legal theories. Moreover, it is reasonable that the counts would rely upon similar factual allegations given the nature of those counts, *i.e.*, three counts for fraudulent

transfer. As such, this pleading does not fall within the definition of a shotgun pleading. Defendant's motion to dismiss on this ground is therefore denied.

Next, Defendant argues that the Counts I through III, asserting claims for fraudulent transfer under the FUFTA fail because FUFTA requires a claim to be pled with particularly pursuant to Federal Rule of Civil Procedure 9(b). (DE 12 at 2); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Defendant is incorrect that FUFTA requires a Plaintiff's pleading to comport with Rule 9(b). I have mentioned elsewhere that this theory has been considered and rejected multiple times. *See Letzer v. Radiant Creations Group, Inc.*, 2016 WL 7388357 at *3 (S.D. Fla. Dec. 19, 2016). In coming to that conclusion, I found Judge Marra's opinion persuasive:

> Unlike common law fraud claims, fraudulent transfer claims are asserted against a person or entity that did not deal directly with the plaintiff in the challenged transaction. Therefore, the plaintiff generally possesses little or no information about the alleged fraudulent transfer other than it occurred. The fraudulent act, the clandestine act of hiding money, is allegedly committed by a defendant and another, to the exclusion of the plaintiff. This is in stark contrast to a common law fraud claim where a plaintiff alleges that a defendant made a material false statement or omission directly to the plaintiff. Under such circumstances, the plaintiff is in a position to plead with the specificity required by Rule 9(b). This Court concludes that despite the use of the word "fraud," a fraudulent transfer claim is significantly different from other fraud claims to which Rule 9(b) is directed. Given this lack of access to information on the part of a plaintiff in a fraudulent transfer case, the application of a heightened pleading standard is inappropriate.

*Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, 2008 WL 660100, at *6 (S.D. Fla. Mar. 7, 2008) (Marra, J.) (internal citations omitted). This logic has not changed. Equating "fraud" with "fraudulent transfer" extinguishes meaningful differences in the nature of the acts and how they occurred. Accordingly, I decline to subject Plaintiff's claim to the heightened standard.

Instead, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court interprets this rule liberally. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004). To prevail on a fraudulent transfer claim under FUFTA, "a creditor must demonstrate (1) there was a creditor to be defrauded, (2) a debtor intending fraud, and (3) a conveyance—i.e., a 'transfer'—of property which could have been applicable to the payment of the debt due." *SE Prop. Holdings, LLC v. Welch*, 65 F.4th 1335, 1349 (11th Cir. 2023) (quoting *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1302 (11th Cir. 2020)). Further, for a constructive fraud claim under FUFTA, the creditor must show that the transfer was made without receiving "reasonably equivalent value in exchange." (*Id.*).

Considering this standard, a successful FUFTA claim does not depend, as Defendant otherwise contends, on whether the Defendant knew of or participated in the scheme. (DE 12 at ¶14). The elements of FUFTA are in stark contrast to a related cause of action under the Commodity Exchange Act (CEA). 7 U.S.C. § 25(a)(1). "[I]n order to state a claim for aiding and abetting under the CEA, the [plaintiff] must allege that [defendants] '(1) had knowledge of the principal's intent to commit a violation of the Act; (2) had the intent to further that violation; and (3) committed some act in furtherance of the principal's objective.'" *CFTC v. Grossman*, No. 14-CIV-62061, 2015 WL 11197766, at *4 (S.D. Fla. Feb. 26, 2015) (quoting *Damato v. Hermanson*, 153 F.3d 464, 473 (7th Cir. 1998)). Defendant's argument is better regarded as an affirmative defense. The good faith affirmative defense is found under section 726.109(1) of the Florida Statutes. "A transfer or obligation is not voidable under [§] 726.105(1)(a) against a person who took in good faith and for reasonably equivalent value or against any subsequent transferee or obligee." Fla. Stat. § 726.109(1). I therefore decline to dismiss Plaintiff's Complaint on this basis.

Next, Defendant argues that the fraudulent transfer claims are doomed because Complaint fails to adequately allege that the Defendant did not provide reasonably equivalent value. (*Id.* at 3). Specifically, Defendant argues that the Complaint makes conclusory allegations and "fails to provide any factual allegations regarding the nature, scope, or value of the services that Defendant actually provided." (DE 12 at ¶10).

Here, Receiver alleges the following with respect to the constructive fraudulent transfer claims:

> 47. Germinal received the Transfers without providing reasonably equivalent value to any of the Receivership Entities in exchange for those Transfers.
>
> 48. The purported purpose of the Transfers was to pay Germinal fees for services rendered. In reality, the services Germinal provided Receivership Defendants was to assist in speculative trading of fraudulently procured investor funds. Not just was this trading activity a misuse of investor funds under the Notes—which expressly stated funds were being used to invest in real property—but the trading activity resulted in the loss of at least $11.9 million to the Receivership Estate. As such, the Transfers were not made for any reasonably equivalent value but rather increased the damages suffered by Receivership Entities by increasing the amounts owed to investors and creditors.

(DE 1 at ¶ 47, 48) (internal citations and quotation omitted). Plaintiff has satisfied the requisite standard here. Receiver's allegation puts forward facts that Defendant provided a speculative trading service, and that trading activity resulted in a loss of at least $11.9 million to the Receivership Estate. The speculative nature of the trading services, coupled with the fact that the services resulted in substantial losses to the Receivership Estate and increased debts owed to investors and creditors, strongly suggests that the transfers did not provide comparable realizable commercial value.

## CONCLUSION

Plaintiff's Complaint contains sufficient factual allegations to raise claims under FUFTA and for unjust enrichment. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion (DE 12) is **DENIED**.

**SIGNED** in Chambers at West Palm Beach, Florida, this the _10_ day of November, 2025.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:

Counsel of Record