**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 9:25-CV-81003

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

WELLS REAL ESTATE INVESTMENT, LLC,
JANALIE C. JOSEPH, a/k/a JANALIE C.
BINGHAM, and JEAN JOSEPH,

      Defendants,

_____/

ANDRES RIVERO, as Receiver of
WELLS REAL ESTATE INVESTMENT,
LLC, et.al.,

      Plaintiff,

v.

REYNALD GERMINAL,

      Defendant.
_____/

**DEFENDANT, REYNALD GERMINAL'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendant,  REYNALD GERMINAL, by and through the undersigned counsel, pursuant to

applicable  Federal Rules of Civil Procedure, files this his answer and affirmative defenses to the

Plaintiff's complaint, and in support states:

PROCEDURAL HISTORY:

    1.    Admit, only to the extent the pleadings speak for themselves.

    2.    Admit, only to the extent the order is self explanatory.

3.    Admit only to the extent the order speaks for itself.

4.    Admit, only to the extent the order is self explanatory.

5.    Admit, only to the extent the order is self explanatory.

6.    Admit, only to the extent the order is self explanatory.

<u>THE PARTIES:</u>

<u>THE RECEIVER:</u>

7.    Admit, by deny the allegation that receiver has been damaged by the conduct of the Defendant.

8.    Admit.

9.    Deny.

<u>JURISDICTION AND VENUE:</u>

10.    Deny.

11.    Deny.

12.    Deny.

13.    Deny that the Defendant transacted business with the receivership Defendants.

14.    Deny.

15.    Deny.

<u>THE RECEIVER'S STANDING TO BRING THE CLAIMS ASSERTED:</u>

16.    Admit only to extent order is self explanatory.  Defendant asserts lack of standing to pursue claims against an independent contractor, such as Defendant that was not part of a fraudulent transfer or scheme or act factually, legally, or otherwise, nor did Defendant engage in conduct relating to investor funds that were depleted, pilfered, or subject to investor loss.

17.    Admit, only to the extent the order speaks for itself.

2

18.     Admit, only to the extent the order speaks for itself.

19.     Deny.

20.     Admit, but does not admit such claims against "innocent" third parties.

21.     Without knowledge, and deny.

<u>STATUTE OF LIMITATIONS AND APPLICABLE LAW:</u>

22.     Deny.

23.     Without knowledge and deny.

24.     Without knowledge and deny.

25.     Deny, the claims are untimely.

26.     Deny, the claims are untimely.

<u>I. FACTUAL ALLEGATIONS:</u>

27.     Without knowledge and deny.

28.     Without knowledge and deny.

29.     Without knowledge and deny.

30.     Without knowledge and deny.

31.     Without knowledge and deny.

32.     Without knowledge and deny.

33.     Without knowledge and deny.

34.     Without knowledge and deny.

35.     Without knowledge and deny.

36.     Without knowledge and deny.

37.     Without knowledge and deny.

<u>II. FINDINGS OF FRAUD AND PERMANENT INJUNCTION</u>

AGAINST WELLS IN THE SEC ACTION:

38.   Without knowledge and deny.

39.   Without knowledge and deny.

40.   Without knowledge and deny.

41.   Without knowledge and deny.

42.   Without knowledge and deny.

III. THE INSOLVENCY OF WELLS AND THE RECEIVERSHIP OF DEFENDANTS:

43.   Without knowledge and deny.

44.   Without knowledge and deny.

IV. TRANSFER TO REYNALD GERMINAL:

45.   Deny.  These were not transfers, but payment made for administrative services rendered for reasonably equivalent value by a third party, independent contractor to wit: Defendant.

46.   Without knowledge and deny.

47.   Deny.  These were not transfers, but payment made for administrative services rendered for reasonably equivalent value by a third party, independent contractor to wit: Defendant.

48.   Deny, demand strict proof thereof.

49.   Without knowledge and deny.

50.   Without knowledge and deny.

51.   Deny, demand strict proof thereof.

52.   Deny.  These were not transfers, but payment made for administrative services rendered for reasonably equivalent value by a third party, independent contractor to wit: Defendant.

53.   Deny.

54.   Deny.

55.   Deny.

<u>COUNT I:</u>

The Defendant realleges and readopts paragraphs 1 through 55 above as though fully set forth herein.

56.   Admit, but denies there is a valid claim.

57.   Deny.

58.   Deny.

59.   Deny.

60.   Without knowledge and deny.

61.   Without knowledge and deny.

62.   Without knowledge and deny.

63.   Without knowledge and deny.

64.   Without knowledge and deny.

65.   Without knowledge and deny.

66.   Deny.

67.   Deny.

68.   Deny.

<u>COUNT II</u>

The Defendant reincorporates and realleges his responses to paragraphs 1 through 55 above as though more fully set forth herein.

69.   Admit, but denies that there is a valid claim.

70.   Without knowledge and deny.

71.   Deny.

72.   Deny.

73.   Deny.

74.   Without knowledge and deny.

75.   Without knowledge and deny.

76.   Without knowledge and deny.

77.   Without knowledge and deny.

78.   Without knowledge and deny.

79.   Deny.

80.   Deny.

<u>COUNT III:</u>

The Defendant reincorporates and realleges his responses to paragraphs 1 through 55 above as though more fully set forth herein.

81.   Admit, but denies there is a valid claim.

82.   Deny.

83.   Deny.

84.   Deny.

85.   Deny.

86.   Without knowledge and deny.

87.   Without knowledge and deny.

88.   Without knowledge and deny.

89.   Deny.

90.   Deny.

<u>COUNT IV:</u>

The Defendant reincorporates and realleges his responses to paragraphs 1 through 55 above as though more fully set forth herein.

91.   Deny.

92.   Deny.

93.   Deny.

94.   Deny.

95.   That each and every allegation not either specifically admitted or denied above is deemed denied and strict proof demanded thereof.

<u>AFFIRMATIVE DEFENSES</u>

96.   That as an initial affirmative defense, to counts I through III, Defendant asserts he was an independent contractor that provided in good faith administration services to the receivership entities as to the Defendants, whom received reasonably equivalent value for services, for which Defendant received enumeration as a good faith transferee, that never misused investor funds through engaging in speculative trading or dissipated investor or customer funds.

97.   That as a second affirmative defense, to all counts, Defendant asserts he was never an agent (Section 726.111, Florida Statutes) or employee of the Receivership Defendants.  All actions of the alleged of the receivership entities or Defendants, were done without the knowledge, consent or permission of Defendant.  Alternatively, any services provided by Defendant were in good faith, for reasonably equivalent value and not the proximate cause of injuries to Plaintiff or its representatives, entities, customers or investors.

98.   That as an affirmative defense to all counts, Defendant had no knowledge of the debtor's insolvency, or the fraudulent intent behind any of the alleged transfers, which monies to Defendant, were payments for services rendered rather than a transfer of assets.

99.    That as an affirmative defense, to all counts, Defendant was paid for services as an independent contractor.

100.    That all payments were to Defendant for independent contractor work for the value of services provided, in good faith without the intent or knowledge to defraud, hinder, or delay creditors without Defendant's knowledge of insolvency of the receivership Defendants.  Plus, any compensation paid to Defendant and received by Defendant was for fair market rate or value for reasonably equivalent value.

101.    That as an additional affirmative defense, Defendant asserts the claim(s) are time barred since the alleged transfers occurred outside the applicable "look back window" or beyond the limitation period set forth in sections 726.110 (1)(2) or (3), Florida Statutes.

103.    That as an additional affirmative defense, Defendant asserts the defense of "laches" under the common law or section 726.111, Florida Statutes or alternatively common law doctrine of estoppel or estopped under section 726.111, Florida Statutes.

104.    That as an additional affirmative defense, to the unjust enrichment claim, there was no benefit to Defendant, who performed in good faith, without implicating any of the provision of chapter 726, Florida Statutes, reasonably equivalent for value independent contractor services, and Defendant put another way, never received an indirect benefit of illicit or misappropriated investor or customer funds.

105.    That as an additional defense to the unjust enrichment claim, it is barred by the alleged statutory claims in counts I through III which expressly provide causes of action, supplying Plaintiff with an alleged adequate remedy at law.

106.    That Plaintiff has failed to state the requisite elements for a cause of action under Florida law for unjust enrichment.  See: Della Ratta v. Della Ratta, 927 So. 2d 1055 (Fla. 4th DCA

2006).  Thus, this claim is subject to dismissal or to a directed verdict.

107.   That the unjust enrichment count or claim is barred by the four (4) year statute of limitations in whole or part.

108.   That Defendant asserts that non parties to include, the receivership entities, JEAN JOSEPH and JANALIE C. JOSEPH a/k/a JANALIE C. BINGHAM, over whom Defendant had no control may be liable in whole or part for the claims asserted by Plaintiff.  Hence, these non parties if deemed responsible, by a jury should reduce or offset (set off) damages against Defendant based on their conduct.

<u>DEMAND FOR JURY TRIAL</u>

Defendant demands a trial by jury on all issues so triable.

WHEREFORE, Defendant, REYNALD GERMINAL, files this his answer and affirmative defenses to the complaint, reserving the right to amend his affirmative defenses, prior to trial upon proper notice to Plaintiff and court approval, requests that this Court enter judgment in his favor, ordering that court order Plaintiff to go hence without day, and award Defendant his taxable costs for having to defendant this action, and such other and further relief as the court may deem just and proper under the circumstances.

<u>CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE</u>

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email Amanda Fernandez, Esquire, Rivero Mastre, LLP, 2525 Ponce de Leon Boulevard, Suite 1000, Miami, Florida 33134, afernandez@riveromestre.com, arivero@riveromestre.com this 24th day of November, 2025.

> **THE LAW OFFICES OF THOMAS J. ALI, P.A.**
> PGA Financial Plaza
> 3399 PGA Boulevard, Suite 150
> Palm Beach Gardens, Florida 33410
> Telephone: (561) 296-7900
> Facsimile:  (561) 296-7919
> By: /s/  *THOMAS J. ALI*
> THOMAS J. ALI, ESQUIRE
> Florida Bar No.: 0370746
> Email: tali@stuartnkaplanpa.com
> Secondary Email: rbailey@stuartnkaplanpa.com
> *Attorney for the Defendant*